**IN THE COURT OF APPEALS OF IOWA**

No. 14-1071
Filed September 10, 2015

**DAVID JAMES STEFFEN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Tama County, Stephen B. Jackson

Jr., Judge.

    David Steffen appeals from the denial of his application for postconviction

relief. **AFFIRMED.**

    Jeff Norris of Norris Law Firm, PLLC, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, and Patrick L. Wilson, Special Assistant Tama County Attorney, for

appellee State.

    Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, P.J.**

David Steffen appeals from the denial of his application for postconviction relief (PCR), asserting the PCR court erred in not finding his trial counsel was ineffective. We affirm.

We adopt the detailed recitation of facts made by this court on Steffen's direct appeal:

> On June 27, 2010, David Steffen went to the home of his ex-wife, Cynthia Steffen, at about 6:00 a.m. and parked in her driveway. He left after about ten minutes. At about 9:00 a.m., Steffen returned. He got out of the car and rang the front doorbell three or four times. Cynthia did not want to speak to him so she did not answer the door. Steffen walked to the back of the house, and then returned to the front door where he again rang the doorbell and knocked on the door. He also telephoned Cynthia, leaving three messages on her answering machine demanding that she open the door. Steffen was very angry, yelling and swearing at Cynthia.
>
> Cynthia decided to open the inner door, but left the screen door closed. She stated she decided to "let him yell at me, get it out of his system, and then hopefully he would leave." Steffen stated he wanted to talk to Cynthia about some jointly-owned property, but would not talk to her through the screen door. Cynthia refused to come outside or allow Steffen inside the house. Cynthia stated, "[h]e continued to rant and yell and curse and not want to talk about anything constructive," so she shut the inner door and locked it.
>
> Steffen crashed through the screen door and the inner door and came into Cynthia's house. Cynthia yelled at him to leave, stating she was going to call the police. Steffen kept coming toward her with his arms raised. Cynthia picked up a cordless telephone, and Steffen caught up to her. Cynthia testified Steffen grabbed her robe. She stated, "it appeared he was trying to grab my arm or a part of my body so he would have a firm grip, but all he was getting was my robe." With his other hand Steffen was batting at Cynthia's hand in an attempt to get the telephone to keep her from calling the police.
>
> Cynthia was able to run out the back door onto the patio. Steffen followed her and stood about three or four feet away. Cynthia called 911. Steffen stood staring at her, calling her names. As she was talking to the dispatcher, he left and drove away.

Steffen was charged with domestic abuse assault, second offense, in violation of Iowa Code section 708.2A (2009); assault while participating in a felony, in violation of section 708.3, with the underlying felony being burglary; and burglary in the second degree, in violation of section 713.5. He was charged with assault while participating in a felony and second-degree burglary as a habitual offender.

The case proceeded to a jury trial on May 2 and 3, 2011. Cynthia testified as outlined above. Steffen admitted kicking in Cynthia's doors, stating he was frustrated and angry. He testified he entered the home and followed her, asking her not to call the police. Steffen denied attempting to grab Cynthia or making any effort to lay a hand on her.

At the close of the evidence, defense counsel made a motion for judgment of acquittal, claiming there was insufficient evidence Steffen had any intent to cause harm to Cynthia. There is no indication in the record that the district court specifically ruled upon the motion. The court, however, submitted all three charges to the jury. The jury found Steffen guilty of domestic abuse assault, assault while participating in a felony, and second-degree burglary. Regarding his habitual offender status, Steffen admitted to two previous felony convictions.

The court sentenced Steffen to ninety days in jail on the domestic abuse assault charge, giving him credit for ninety days previously served. He was sentenced to a term of imprisonment not to exceed fifteen years on the charge of assault while participating in a felony and a term not to exceed fifteen years on the charge of second-degree burglary, to be served concurrently.

*State v. Steffen*, No. 11-1536, 2012 WL 2129344, at *1-2 (Iowa Ct. App. June 13, 2012).

In November 2012, Steffen filed an application for postconviction relief, asserting several claims. Steffen subsequently amended his PCR application, asserting, among other things, that his trial counsel was ineffective for failing

to question [Steffen] regarding his past mental health history, discuss with [Steffen the] possibility of a mental health aspect to his defense, failed to explore [Steffen's] mental health issues in relation to the offenses charged, [Steffen] being a person with among other diagnoses bipolar affective disorder, [Steffen] thus being prejudiced that a defense to the intent element of the burglary charge was not broached or considered by his counsel, history upon inquiry should

have led at least to a psychiatric evaluation and a consideration of a psychiatric defense.

Steffen also claimed his appellate counsel was ineffective for not raising these ineffective-assistance-of-counsel claims on direct appeal.

A trial on Steffen's PCR application was held in April 2014. There, Steffen testified he had been diagnosed in the past as being bipolar and having anxiety and an obsessive-compulsive disorder, and his trial counsel did not ask him about his mental-health history. Steffen's trial counsel testified and admitted he did not make any inquiry into Steffen's past mental health issues, but counsel testified "Steffen was as intelligently and engagingly involved with his trial as any client [he] had ever had," and Steffen "knew what was going on, he knew what the issues were, and [he and Steffen] continuously talked. . . . [Steffen] was continuously there and involved with what we were doing. [Steffen] never gave [him] any impression that there was any mental issue at all whatsoever."

Following the trial, the PCR court entered its order denying and dismissing Steffen's application for PCR. As to Steffen's claim his counsel was ineffective for not investigating a diminished responsibility defense, the court found Steffen failed to establish he was prejudiced. The court explained Steffen's trial counsel

> indicated that he had not had a client who was as engaged in his defense and as intelligent in helping with his defense as was Steffen. [Trial counsel] testified that Steffen did not present in any manner that he might have a significant psychological condition that would raise the prospect of a diminished capacity defense. Finally, at the [PCR] hearing, Steffen presented no evidence whatsoever through expert testimony that a diminished responsibility defense could have been raised at the time of the trial.

Steffen now appeals. He asserts the PCR court erred in failing to find his trial counsel ineffective for not investigating his mental health to determine if a diminished capacity defense should have been asserted.

We review ineffective-assistance-of-counsel claims de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on such a claim, Steffen must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See id.* Because reversal is only warranted if both prongs of this test are proven by a preponderance of the evidence, *see id.*, we can affirm the PCR court's rejection of Steffen's claim if we determine either prong is absent. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012).

Under the prejudice prong, "a claimant must establish that prejudice resulted from counsel's failure to perform an essential duty." *Dempsey*, 860 N.W.2d at 868. Specifically, Steffen must prove, by a preponderance of the evidence, that there was a reasonable probability the result of the proceeding would have been different had his counsel not erred. *See id.* We consider "the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial" in making our determination. *See id.*

Upon our de novo review, we agree with the PCR court that, even assuming without deciding his trial counsel breached an essential duty, Steffen failed to prove he was prejudiced by the breach. Steffen did not volunteer to his trial counsel that he had had mental health issues in the past, and counsel did not witness any behaviors by Steffen that would lead him to inquire as to

Steffen's past mental health diagnoses as a possible defense to his offenses. Though it is true Steffen established he had been diagnosed with some mental health disorders in 2004 and 2006, he presented no evidence he was suffering from those same disorders at the time of the incident in 2010, nor did he provide any evidence that a diminished capacity defense would have been applicable to negate the specific intent elements of his crimes even if he had those same mental health disorders at the time of the 2010 incident. Steffen failed to show that there was a reasonable probability the result of his proceedings would have been different had his counsel asked about or investigated Steffen's mental health to determine if a diminished capacity defense should have been asserted. Accordingly, we affirm the PCR court's denial and dismissal of Steffen's PCR application.

**AFFIRMED.**